# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: K.R.**

**No. 13-0634** (Webster County 13-JA-14)

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Daniel R. Grindo, from the Circuit Court of Webster County, which terminated his parental rights to the subject child by order entered on May 22, 2013. The guardian ad litem for the child, Michael A. Asbury Jr., filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erroneously terminated his parental rights when it denied him an improvement period and found that petitioner failed to maintain a suitable home.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, the DHHR filed the abuse and neglect petition that initiated the instant case. The petition alleged that petitioner failed to visit or contact the child, failed to provide the child support, failed to provide care or maintenance to the child, is unable to provide a fit and suitable home for the child, has a significant criminal history, and has been incarcerated for the majority of the child's life. At the time the petition was filed, the child was a year old. At the adjudicatory hearing in December of 2012, petitioner admitted to these allegations. Also in December of 2012, petitioner was released from incarceration.

At the dispositional hearing in May of 2013, petitioner testified that he did not begin to pay child support to the child until after his release from incarceration, despite the fact that he had access to $20,000.00 while incarcerated. Petitioner also testified that he violated his parole in February of 2013 and currently lives with his grandmother. In the termination order on appeal, the circuit court found that there were no reasonable grounds to believe that the conditions from which the abuse and neglect petition arose would be corrected in the near future and that it would be in the best interests of the child to terminate petitioner's parental rights without post-termination visitation. Petitioner now brings this appeal.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two assignments of error on appeal. First, petitioner argues that the circuit court erred in refusing to award him an improvement period with accompanying visitation or services and then terminating his parental rights on the ground that he and K.R. did not share a bond. Petitioner asserts that he attended every hearing after he was released from incarceration, which demonstrates that he would substantially comply with an improvement period. Second, petitioner argues that the circuit court erroneously found that petitioner failed to establish a fit home. Petitioner asserts that the DHHR worker who testified at the dispositional hearing admitted that she had never visited the home of petitioner's grandmother to determine its sufficiency.

Upon our review of the record and the arguments raised on appeal, we find no error or abuse of discretion by the circuit court. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). When a parent moves for an improvement period, he or she must file the motion in writing and bears the burden of proving by clear and convincing evidence that he or she would comply with the terms of an improvement period. W.Va. Code § 49-6-12. Thereafter, the circuit court has the discretion to grant or deny such a motion for an improvement period. *Id.* We also bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, 228 W.Va. 89, 717 S.E.2d 873 (2011). Although petitioner argues that he proved that he would substantially comply with an improvement period, any written motion for an improvement period is absent in the record for our review. At the dispositional hearing, petitioner testified of purchases he made for the child after his release from incarceration, yet he failed to provide evidence or any supporting documentation of this assertion. Our review of the adjudicatory hearing transcript and the dispositional hearing transcript submitted in the record indicate no clear error by the circuit court in its findings at petitioner's termination. Contrary to petitioner's arguments, the circuit court's termination of petitioner's parental rights was not based only on a lack of bond or lack of suitable housing, but because petitioner failed to provide, care for, or have contact with, the child due to his significant criminal history. Consequently, the record supports the circuit court's conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998).  Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home."  Syl. Pt. 5, *James M. v. Maynard,*185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 25, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum